KYH
JIH/JTW: USAO# 2025R00682

USDC- BALTIMORE
'26 NOV 13 AM8:28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**

**v.**

**WENJUN CAO,**
**a/k/a "Johnny," "John,"**
**IBRAHIM MAHMOUD SALEH,**
**a/k/a "AK," "Abe,"**
**MOHAMAD SALEH,**
**a/k/a "Jimmy," "Jay,"**
[redacted]
**BRANDY PENA-VILLANO,**
**a/k/a "Bandi,"**
[redacted]
**ASHRAF ABOOUN,**
**a/k/a/ "Ash,"**
**CLAYTON BLONDELL ROBINSON, JR.,**
**CLAYSHAWN ROBINSON, and**
**DAQUONNE MARQUES FRAZIER,**
**a/k/a "Deebo,"**

**Defendants.**

**UNDER SEAL**

**Criminal No.** ABA-26-405

**(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846; Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924 (o); Conspiracy to Launder Monetary Instruments, 18 U.S.C. § 1956(h); Forfeiture, 18 U.S.C. § 924(d), 18 U.S.C. §§ 982(a)(1) and (b)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))**

******

**INDICTMENT**

**COUNT ONE**
**(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland charges that:

From a date unknown to the Grand Jury but no later than September 2023 and continuing until on or about November 2026, in the District of Maryland and elsewhere, the Defendants,

**WENJUN CAO,**
**a/k/a "Johnny," "John,"**
**IBRAHIM MAHMOUD SALEH,**
**a/k/a "AK," "Abe,"**

**MOHAMAD SALEH,**
**a/k/a "Jimmy," "Jay,"**
[redacted]
**BRANDY PENA-VILLANO,**
**a/k/a "Bandi,"**
[redacted]
**ASHRAF ABOOUN,**
**a/k/a/ "Ash,"**
**CLAYTON BLONDELL ROBINSON, JR.,**
**CLAYSHAWN ROBINSON, and**
**DAQUONNE MARQUES FRAZIER,**
**a/k/a "Deebo,"**

did knowingly combine, conspire, confederate, and agree with each other and persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 846
21 U.S.C. § 841(b)(1)(A)(viii)

**COUNT TWO**
**(Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

From a date unknown to the Grand Jury but no later than April 2025 and continuing until on or about November 2026, in the District of Maryland, the Defendants,

**IBRAHIM MAHMOUD SALEH,**
**a/k/a "AK" "Abe,"**
**BRANDY PENA-VILLANO,**
**a/k/a "Bandi,"**
**CLAYTON BLONDELL ROBINSON, JR.,**
**CLAYSHAWN ROBINSON, and**
**DAQUONNE MARQUES FRAZIER,**
**a/k/a "Deebo,"**

did knowingly and unlawfully combine, conspire, confederate and agree with each other and other persons, known and unknown to the Grand Jury, to knowingly possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, as alleged in Count One of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(o)

**COUNT THREE**
**(Conspiracy to Launder Monetary Instruments)**

The Grand Jury for the District of Maryland further charges that:

From a date unknown to the Grand Jury but no later than September 2023 and continuing until on or about November 2026, in the District of Maryland and elsewhere, the Defendants,

**WENJUN CAO,**
**a/k/a "Johnny," "John,"**
**IBRAHIM MAHMOUD SALEH,**
**a/k/a "AK," "Abe," and**
**MOHAMAD SALEH,**
**a/k/a "Jimmy," "Jay,"**

did knowingly combine, conspire, and agree with each other and persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, a conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control

of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

18 U.S.C. §1956(h)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 982(a)(1) and (b)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Three of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the Defendants,

**WENJUN CAO,**
**a/k/a "Johnny," "John,"**
**IBRAHIM MAHMOUD SALEH,**
**a/k/a "AK," "Abe,"**
**MOHAMAD SALEH,**
**a/k/a "Jimmy," "Jay,"**
[redacted]
**BRANDY PENA-VILLANO,**
[redacted]
**ASHRAF ABOOUN,**
**a/k/a/ "Ash,"**
**CLAYTON BLONDELL ROBINSON, JR.,**
**CLAYSHAWN ROBINSON, and**
**DAQUONNE MARQUES FRAZIER,**
**a/k/a "Deebo,"**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

**Firearms and Ammunition Forfeiture**

3. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendants,

**IBRAHIM SALEH,**
**a/k/a "AK" "Abe,"**
**BRANDY VILLANO,**
**a/k/a "Bandi,"**
**CLAYTON ROBINSON,**
**CLAYSHAWN ROBINSON, and**
**DAQUONNE FRAZIER,**
**a/k/a "Deebo,"**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense.

**Money Laundering Forfeiture**

4. Upon conviction of the offense alleged in Count Three of this Indictment, the Defendants,

**WENJUN CAO,**
**a/k/a "Johnny," "John,"**
**IBRAHIM SALEH,**
**a/k/a "AK," "Abe," and**
**MOHAMAD SALEH,**
**a/k/a "Jimmy," "Jay,"**

shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(1) and (b)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

**Property Subject to Forfeiture**

5. The property to be forfeited includes, but is not limited to, the following:

a. a Forfeiture Money Judgment in the amount of proceeds the Defendants obtained as a result of the offense alleged in Count One of this Indictment; and

b. a Forfeiture Money Judgment in the amount of proceeds that WENJUN CAO, IBRAHIM SALEH, and MOHAMAD SALEH obtained as a result of Count Three of this Indictment.

**Substitute Assets**

6. If, as a result of any act or omission of any Defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. §§ 982(a)(1) and (b)(1)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

11/12/2026
Date